# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jack Bergon,<br><br>                                                  Plaintiff,<br><br>-v-<br><br>ASCAP!, Apple Music, Amazon, Amazon Music, CDBaby, Spotify, Microsoft, Venpardec Zentra,<br><br>                                                 Defendants. | 2:24-cv-4660<br>(NJC) (ARL) |

## ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

By Order to Show Cause dated August 2, 2024, the Court ordered Jack Bergon ("Bergon"), acting pro se, "to provide evidentiary support" for the allegations of judicial misconduct Bergon made in a July 24, 2024 letter to this Court, or to "otherwise show cause why the Court should not impose sanctions for violating Rule 11(b) of the Federal Rules of Civil Procedure." (Order to Show Cause, ECF No. 18.) The Court ordered Bergon to respond by September 2, 2024. The deadline has now expired and Bergon has not provided any evidentiary support for the statements cited by the Court. Accordingly, for the reasons that follow, **the Court imposes a sanction in the sum of $100.00 to be paid to the United States District Court for the Eastern District of New York by November 18, 2024. Bergon is cautioned that his failure to do so will result in the dismissal of the Complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b).** Further, for the reasons that follow, Bergon's motion for recusal is denied and his motion to proceed in forma pauperis ("IFP") is denied as moot. Finally, **Bergon's time to serve the defendants is extended through November 8, 2024.**

## BACKGROUND

On June 20, 2024, Bergon filed a motion to proceed IFP together with a two-page document that the Court liberally construes as his Complaint. (Compl., ECF No. 1; IFP Mot., ECF No. 2.) The letter lists the following defendants: ASCAP!, Apple Music, Amazon, Amazon Music, CDBaby, Spotify, Microsoft, and Venpardec Zentra (collectively, "Defendants").[1] On July 15, 2024, Bergon filed a letter motion seeking the reassignment of this case to different judges because "WE HAD A CONFLICT AND THERE IS PREJUDICE" and, on July 17, 2024, Bergon paid the Court's filing fee. (Recusal Mot., ECF No. 7; ECF No. 12.)[2] On July 24, 2024,

---

[1] Bergon is no stranger to this Court. Earlier this year, Bergon filed a complaint against most of the defendants named in this action and YouTube, together with a motion to proceed IFP and a motion seeking the appointment of pro bono counsel to represent him in that case. (*See Bergon v. Amazon* ("*Bergon I*"), No. 24-cv-625 (E.D.N.Y.), Compl., ECF No. 1; IFP Mot., ECF No. 2; Counsel Mot., ECF No. 3.) By Memorandum and Order dated April 12, 2024 (the "Memorandum and Order"), the Court granted Bergon's IFP motion and sua sponte dismissed the complaint without prejudice pursuant to Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). (*See Bergon I*, Mem. & Order, ECF No. 16.) Given the dismissal of the complaint, the Court denied the motion for the appointment of pro bono counsel as moot. (*Id.* at 8.) In light of Bergon's pro se status and in an abundance of caution, the Court granted Bergon leave to file an amended complaint in accordance with the guidance set forth in the Memorandum and Order by May 12, 2024. (*Id.*)

On May 17, 2024, after that the May 12, 2024 deadline to file an amended complaint in *Bergon I* had passed and Bergon had not filed an amended complaint, the Court directed the Clerk of the Court to enter judgment in accordance with the Memorandum and Order and to close that case. (*See Bergon I*, Order, May 17, 2024.) Judgment was entered on May 20, 2024. (*See Bergon I*, Judgment, ECF No. 28.)Bergon filed a Notice of Appeal on July 2, 2024. (*Bergon I*, ECF No. 33.) On June 20, 2024, Bergon filed the application to proceed IFP together with a two-page letter expressing an intent to pursue unspecified claims against the Defendants, thereby initiating this second action. (*See* Compl.)

[2] Excerpts from Bergon's submissions are reproduced here exactly as they appear in the original. Unless otherwise noted, errors in spelling, punctuation or grammar will not be corrected or highlighted.

Bergon filed another letter wherein he alleges the following:

> THE JUDGES AND CLERK CAN NOT WORK ON MY CASE SINCE THEY ARE DEFENDANTS IN MY LAW SUIT. THEY HAVE LIED AND IGNORED MY LETTERS TO THEM. THEY ARE BEING INVESTIGATED FOR TAKING A BRIBE TO STOP MY LAW SUIT. . . . THE WOMEN AT THE COURT THAT THE 3 PEOPLE HAVE BEEN TAKING KICK BACKS FOR A LONG TIME. THEY ARE BRENA B. MAHONEY CLERK, JUSTICE NUSRAT JAHAN CHOUDBURY AND MAGISTRATE ARLENE LINDSAY. . . . . PLEASE CHANGE MY JUDGE. I WILL NOT GO ON IF THEY ARE ON MY CASE.

(Bergon's July 24, 2024 Ltr., ECF No. 14.)

Given the seriousness of these allegations, which are not only baseless but appear deliberately calculated to bolster Bergen's attempt to seek this Court's recusal, this Court issued an Order to Show Cause dated August 2, 2024, which orders Bergon "to provide evidentiary support for the statements made in his July 24, 2024 letter as set forth below within thirty (30) days of this Order, or otherwise show cause why the Court should not impose sanctions for violating Rule 11(b) of the Federal Rules of Civil Procedure." (Order to Show Cause at 2.) The Order to Show Cause was mailed to Bergon at his address of record. Bergon received the Order to Show Cause, as shown by his inclusion of a copy of the Order to Show Cause with a collection of letters Bergon filed with the Court on August 13, 2024. (Bergon's Ltrs., ECF No. 22.)[3]

After the Court issued the Order to Show Cause, Bergon filed letters with the Court on August 8, August 13, and August 14, 2024. (ECF Nos. 20–24.) None of the letters provide any evidentiary support for Bergon's allegations that the undersigned, Magistrate Judge Lindsay,

---

[3] Lest there be any doubt that Bergon received the Order to Show Cause, the copy that he filed with the Court bears his signature at the bottom of each of five pages of the six-page order. (*See* Bergon's Aug. 13, 2024 Ltr. at 10–15.)

3

and/or Chief Clerk Mahoney "HAVE LIED AND IGNORED MY LETTER TO THEM," or

"ARE BEING INVESTIGATED FOR TAKING A BRIBE TO STOP MY LAW SUIT," or

"HAVE BEEN TAKING KICK BACKS FOR A LONG TIME," as Bergon asserted in his July

24, 2024 Letter to the Court. (Bergon's July 24, 2024 Ltr.) The August 8, 2024 letter provides, in

its entirety:

> US STATE COURT
> PLEASE FORGIVE ME BUT I DO NOT KNOW HOW TO USE MY LAPTAP.
> I USE IT FOR EXPENSES, LETTERS, AND A STORY I AM WRITING.
> NOTHING ELSE.
> I COULD HARDLY READ, MY INSURANCE, DOES NOT HAVE A DOCTOR FOR ME, BUT AN EYE DOCTOR. YET THEY ARE PAID BY THE GOVERNMENT FOR ME AS A PATIENT.
> I AM 88 YEARS OLD.
> I CAN NOT WALK, WRITE OR READ, UNLESS THE LETTERS ARE BIGER. I HAD MY AIDE HELP ME WITH YOUR LETTERS. THE LETTERS ARE TOO SMALL FOR ME.
> IF YOU WANT TO SEND SOMEONE TO TEACH
> ME, I WILL TRY TO LEARN.
> YOURS TRULY,
> JACK BERGON

(Bergon's Aug. 8, 2024 Ltr., ECF No. 20.)[4] At the bottom of this letter, Bergon signed his name. (*Id.*)

On August 13, 2024, the Court received a letter from Bergon dated July 25, 2024, in which he makes baseless allegations similar to those set forth in his July 24, 2024 letter, which prompted the Court to enter the August 2, 2024 Order to Show Cause. (*See* Bergon's July 25, 2024 Ltr., ECF No. 23.) This letter provides, in its entirety:

> DEFENDNTS OF JACK BERGON. DOCKET 2.24˜ cv. 04660. NJC. ARJ
>
> JULY 25, 2024

---

[4] This letter accompanied a "Pro Se Registration and Consent for Electronic Service of Orders and Notices Issued by the Court in Civil Cases" wherein Bergon declined consent.

4

> I AM 88 YEARS OLD, DO NOT WALK, TRAVEL, WRITE OR HARDLY READ.
> I VOLUNTEER FOR THE KOREAN WAR, YET GOT SENT TO FRANCE.
> NR. 1. JUDGE NUSRAT JAHAN CHOUDHYRY. ABUSED HIS AUTHORITY AND HIS OATH BEING A JUDGE. I APPLIED AN APPLICATION FOR A LAWYER AND NO EXPENSES. SINCE I HAD NO MONEY AND LIVED ON SOCIAL SECURITY. I GOT APPROVED, AND WAS WAITING FOR AN ATTORNEY. ONE MONTH WENT BY, NOTHING. SECOND MONTH I SPOKE TO THE WOMEN, SHE TOLD ME THAT NOTHING WILL HAPPEN SINCE THEY GOT A KICK BACK. THAT MY CLAIM WILL BE DONE. I CALLED UP THE SUPREME COURT, THEY KNOW ABOUT BUT NO ONE WILL DO ANYTHING ABOUT IT. I CALLED THE DA OF CENTRAL ISLIP, HE SAID HE WILL NOT DO ANYTHING.I GOT IN TOUCH WITH THE ATTORNEY OF THE UNITED STATES. HE HAD THE ATTORNEY THAT NOTIFFY THE BROOKLYN COURT. MAHONEY WHO WAS PART OF IT WILL DO NOTHING. I THEN NOTIFIED THE PAPER, RADIO, NOBODY CARED. I THEN TRIED THE FBI AND THE IRS. ALSO BAR ASSOCIAN AND DO NOT KNOW WHAT THEY DID. I FINALLY GOT NOTICE THAT MY SUIT GOT CLOSED. I NEVER HAD A SUIT, THEY HAD NOT ALL OF MY DEFENDENTS, NOR THE AMOUNTS. THE WHOLE TIME I COULD NOT GET ANYONE TO TALK TO. I APPEALED AND GOT MY CHANCE AGAIN. THIS TIME I PAID THE 405 DOLLARS. IT TOOK 3 WEEKS TO FIND MY CHESK. I ALSO TOLD THEM I DO NOT WANT THE 3 EOPLE TO BE INVOLED WITH MY CASE. ALSO ASKED FOR MY MEMOS, AND THERES. NO RESPONSE, ASKING 50,0000 DOLLARS. ADDRESS IS 100 FEDERAL PLAZE, CENTRAL ISLIP ,NY 11722.
> NUMBER 2.MAGISTRATE JUDGE ARLENE LINDSAY. CONSPIRED WITH NR. 1 JUDGE. ASKING 50,000 DOLLARS. SAME ADDRESS.
> NR.3. BRENNA B. MAHONEY. WAS INVOLVED WITH THE PERVIOUS 2. ASKING 50,OOO. ADDRESS IS 225 CALMAN PLASA EAST, BROOKLYN, NY 11202. WOULD LIKE DEPOSITION SEPT. 1, 2024 AT 40 MAINE AVE, APT. 3P ROCKVILLE CENTRE N.Y.. 11570. I WILL DO THE PROSECUTION SINCE I NOW MORE ABOUT MUSIC AND COPYRITE. I WOULD ALSO LIKE A SECOND CHAIR, TO HELP WITH THE LEGAL END. I WILL PAY THE PERSON.

(*Id.*) This letter also included Bergon's signature on the bottom of the first page. (*Id.*)

The Court received several additional letters from Bergon on August 13, 2024,[5] including

---

[5] These additional letters were all filed together as ECF No. 22.

a copy of the Order to Show Cause bearing Bergon's signature at the bottom of each of the first five pages thereof. (*See* Bergon's Ltrs., ECF No. 22 at 10–16.) Each of Bergon's letters filed on August 13, 2024 are reproduced below:

> JACK BERGON
> 40 MAINE AVE APT 3P
> ROCKVILLE CENTRE, NY 11570516-897-9706
>
> US COURT
> CENTRAL ISLIP, NY 11722
>
> REF2;24-cv-4660-NJC-ARL
>
> FIRST A PERSON THAT I AM SUEING SHOULD NOT BE INVOLVED IN ANY DECISION ON MY BEHALF.
>
> I REGISTERED IN DECEMBER 2023 TO HAVE A FREE ATTORNEY AND NO EXPENSES, IN JANUARY 24 I WAS NOTIFIED THAT I GOT THE OK. TO MAKE THIS SHORT, I NEVER GOT IT. FOR 3 MONTHS I GOT LETTERS FROM THE JUDGES. I TRIED TO TALK TO ONE OF THEM, NO RESPONSE. I GAVE UP ON IT, AND DECIDED TO PAY THE MONEY AND THIS ACCOUNT NUMBER IS THE NEW ONE THAT HAS NOTHING TO DO WITH THE PREVIOUS ONE, I BELIEVED THAT THEY WERE OBSTRUCTING THE JUSTICE THAT I DESERVED.
>
> ENCLOSE FIND MY COPYRITE NUMBER TO PROVE THAT THEY WERE DONE AND CHECK WITH ASCAP HOW MANY ROYALTIES I HAVE. THEY SAID NOTHING. I TOLD THEM TO CHECK OUT IN AUGUST OF 2024.
>
> I CAME BACK IN OCTOBER AND THEY WERE NASTY TO ME AND HUNG UP.
>
> THIS IS FOR A 30 YEAR TIME PERIOD. MY SONGS WERE BEING PLAYED ALL OVER.
> READ ME LETTERS AND YOU WILL FIND OUT THE REST.
>
> ALL THE MONEY IS GOING TO CHARITY AND I WANT TI BUILD A RESEARCH CENTER FOR THE CURE OF SICKLE CELL AND HUNTINGTONS DISEASE. MY BEST FRIEND, BROTHER DIED IN 1944, AND MY GIRLFRIEND AND HER WHOLE FAMILY DIED FRO HUNTINGTONS. I WAS WITH MY GIRLFRIEND FOR OVER 35 YEARS. I

> NEED YOU TO WRITE OUT THE SUMMONS, I ENCLOSED THEM ALSO.
>
> I CAN NOT WRITE OR WALK OR HARDLY READ. I WAS A VOLUNTERY IN THE KOREN WAR. I AM 88 YEARS OLD. GOD WILL TAKE OF THOSE WHO ARE GOOD AND HELP PEOPLE. THOSE WHO DO NOT, GOD WILL TAKE CARE OF THEM TOO.
> PLEASE SEND OUT MY SUMMONS SOON.
>
> YOURS TRULY. JACK BERGON [signature]

(Bergon's Ltrs., ECF No. 22 at 1.)

> THAT WAS IN 1978. I HAVE NOT RECEIVED ONE CENT IN ROYALTIES YET MY SONGS ARE PLAYED ALL OVER, BOTH IN SOCIAL MEDIA, RADIO, AND MY ALBUM IS BEING SOLD ALL OVER. I TRIED TO CONTACT 10 LAWYERS, THE BAR
> ASSOCIATION, NASSAU SUFFOLK LAWYERS, AND I AM TOLD THEY HAVE NO LAWYERS. I THOUGHT I CAN WORK OUT A DEAL WITH THEM. COPY WRITE LAW STIPULATES THAT NOONE CAN MAKE MONEY ON COPY WRITE MATERIAL THAT IS NOT THEIRS AND DOES NOT GET PERMISSION FROM THE WRITER. YET
> EVERY ONE IS MAKING A FORTUNE FROM MY SONGS AND I AM GETTING A NICKEL. I REGISTERED WITH ASCAP IN THE l990S ALSO WORKED OUT WITH YOU TUBE. THEY HAVE NOT GIVEN ME A CENT AND GIVING THE MONEY TO CDBABY.
> ANY MONEY I GET WILL GO TO CHARITY. THE IRS CAN CHECK ME OUT EVERY WEEK.
>
> PLEASE ME.
>
> YOURS TRULY,
> JACK BERGON [signature]

(*Id.* at 2.)

> THEY ALSO WORKED WITH CDBABY AND GAVE THEM MY COVER OF MY CD WHICH I GAVE IN THE 1990S AND STILL GAVE CDBABY THAT THEY GAVE THAM THE SONGS, AND ALSO LIED THAT IT WAS 7 YEARS OLD WHICH CDBABY GAVE THEM. THAT COULD BE TRUE, BUT THEY DID NOT PLAY ONE SONG UNTIL
> 2023.
>
> AMASON ADVERTISED MY SONGS AND SOLD THOUSAND OF MY ALBUM. THEY ALSO ARE USING MY SONGS TO GET PEOPLE TO JOIN

> AMAZON MUSIC. I RECEIVED NO ROYALTIES. IN THE COPYWRITE LAWS NO ONE CAN MAKE ANY MONEY ON THE COPYWRITE MATERIALS WITHOUT MY PERMISSION. I GAVE NO ONE PERMISSION OR CONTRACT.
>
> APPLE MUSIC USED MY SONGS IN ADS TO GET PEOPLE TO JOIN THEIR MUSIC. PLAYED MY MUSIC OVER 2 THOUSAND TIMES.   SUE FOR 20 MILLION.
>
> CDBABY CLAIMED THEY GAVE YOU TUBE MY SONGS IN 2016, YET I GAVE YOU TUBE MY SONGS IN 1990S EXPECTING ROYLTIES. CDBABY ALSO ADVERTISED MY SONGS SO PEOPLE CAN JOIN CDBABY. SUE FOR 25 MILLION. SPOTIFY HAS USED MY SONGS TO GET PEOPLE TO JOIN THEM. SUE FOR 5 MILLION.
> MICROSEFT USED
>
> Reference: Copyright Law in a Nutshell Mary LaFrance 3rd Edition
> [signature]

(*Id.* at 3.)

> CopyRITE FOR 8 SONGS WRITTEN BY JACK BERGON
> 1. BABY HEY~AU000164690
> 2. DON'T KNOW WHAT TOMORROW WILL BRING. PAUOOO11O701
> 3. GOT TO LET YOU KNOW. PAU000091045
> 4. HONEST JOE. PAU000164691
> 5. HOW MANY. PAUOOO091044
> 6. LIFE STILL HAS ONE MORE JOY. PAU000164692
> 7. PEOPLE, PLACES AND THINGS. PAU000091043
> 8. WHEN YOU CAN SAY GOOD BYE. PAU000123222
>
> ASCAP.3614891
> APPLE MUSIC.101814314263
>
>    [signature]

(*Id.* at 4.)

> PEOPLE TO SUE. JUNE 8, 2024
>
> JACK BERGON
>
> THIS IS FOR OVER 30 YEARS. ASCAP. SIGNED WITH THEM IN THE

8

>1990S. THEY DID NOT KEEP TRACK ON MY ACCOUNT. MY SONGS ARE BEING PLAYED AND SUNG ALL OVER AND NO ROYALTIES. WENT TO THEM AUGUST OF 2024 AND THEY WOULD INVESTIGATE. THREE MONTHS LATER I CALLED THEM, THEY WERE NASTY TO ME, AND REFUSED TO GIVE ME ANY INFO. THEY ARE IN CONSPIRACY WITH ALL THE MUSIC PEOPLE AND THEY OR SOMEONE ELSE, BUT THEY KNOW.
>SUE FOR 25 MILLION DOLLARS. YOU TUBE. SIGNED WITH THEM IN THE 1990S, YET THEY DID NOT PLAY ANY OF MY SONGS UNTIL 2023 AND GAVE CREDIT
>TO CDBABY. ONLY ONE SONG AND VERY TIME. I SENT THEM A LETTER AND THEY TOLD ME THEY WOULD PLAY THEM ALL WHICH ACCOUNTED FOR OVER 10,000 VIEWS IN 8, MONTHS ALL MY SONGS ARE COPYWRITED, THEY MADE A
>FORTUNE WITH MY SONGS BY HAVING ADS PLACED WITH MY SONGS. I GOT NO ROYALTIES. FOR 30 YEARS THAT WOULD HAVE BEEN 300,000 VIEWS. SUE FOR 25 MILLION DOLLARS.
>
>            [signature]

(*Id.* at 5.)

>JACK BERGON
>40 MAINE AVE APT 3P
>ROCKVILLE CENTRE, NY 11570
>
>YOUR HONOR
>REF.2.24-cv-04660NJO-ARL
>
>I NOTIFIED THE COURT THAT THE JUDGES AND CLERK CAN NOT WORK ON MY CASE SINCE THEY ARE DEFENDANTS IN MY LAW SUIT. THEY HAVE LIED AND IGNORED MY LETTERS TO THEM. THEY ARE BEING INVESTIGATED FOR TAKING A BRIBE TO STOP MY LAW SUIT. THE FBI, IRS,BAR ASSOCIATION COMPLAINT, BOTH FOR LAWYERS AND JUDGES. THE ATTORNEY GENERAL OF THE UNITED STATES. THIS LETTER WILL BE SENT TO JOHN ROBERTS OF THE SUPREME COURT, GOVERNOR OF NEW YORK, AND THE ATTORNEY GENERAL AGAIN OF THE UNITED STATES.
>
>THE WOMEN AT THE COURT THAT THE 3 PEOPLE HAVE BEEN TAKING KICK BACKS FOR A LONG TIME.
>
>THEY ARE BRENA B MAHONEY CLERK, JUSTICE NUSRAT JAHAN CHOUDBURY AND MAGISTRATE ARLENE R. LINDSAY.

> I ALSO TOLD THEM I CAN HARDLY READ. I LIVE ALONE AND 4 AIDES TAKE CARE OF ME 7 DAYS, 24 HOURS FOR WEEK. PLEASE CHANGE MY JUDGE. I WILL NOT GO ON IF THEY ARE ON MY CASE. I AM ENCLOSING MY CASE.
>
> YOURS TRULY
>
> JACK BERGON
>      [signature]

(*Id.* at 6.)

> ADDRESS OF JACK BERGON DEFENDENTS 2.24-cv-04660-NJO-ARL ASCAP 250 W.57TH STREET NY10107
>
> YOUTUBE. 901 CHERRY AVE, SAN BRUNO, CALIFORNIA 94066
>
> APPLE MUSSIC 1 APPLE PARK WAY, CUPEREUNO, CAL, 96014
>
> AMAZON MUSIC.525 MARKET ST. SAN FRANCISCO, CAL 94105
>
> AMAZON.410 TERRY AVE N, SEATTLE 98109 WA
>
> THE COMPANY WHO SELS TO AMAZON. THEY GAVE ME THE NAME VENPARDEE ZENTINA. NO ADDRESS. c/o Amazon
>
> CDBABY.9600 NE CASCADES PARKWAY, SUITE 180. PORTLAND OR, 97220
>
> SPOTIFY. 150 GREENWID ST 62ND FLOOR NEW YORY, NY 10007
>
> MICROSOFT. 920 FOURTH AVE SUITE 2900 SEATTLE, WASHINGTON 95104
>
> I ALREADY GAVE YOU THE ADDRESSEES OF THE TWO JUDGES AND THE CLERK
>
> ANY QUESTIONS CALL ME AT 516 897 9706
>
> I WAS TOLD WHEN I PAID THE 405 THAT YOU WOULD SEND OUT THE SUMMENS.
>
> THANK YOU

    JACK BERGON               [signature]

(*Id*. at 8.)

On August 13, 2024, Bergon also re-submitted a letter that he had submitted to the Court on May 30, 2024 in his first action, *Bergon I*, No. 24-cv-625, (ECF No. 30), which had been returned to him because that case was closed on May 17, 2024. (*See Bergon I*, No. 24-cv-625, Elec. Order of Dismissal, May 17, 2024). This letter is reproduced below.

> JACK BERGON
> 40 MAINE AVE APT 3P
> ROCKVILLE CENTRE, NY 11570
> 516 897 9706
>
> MAJESTIC JUDGE LINDSAY
>
> I HAVE NEVER HAD A LAW SUIT IN YOUR COURT.
> I ONLY FILLED OUT A FORM TO GET AN ATTORNEY FOR NOTHING
> WITH NO EXPENSES.
>
> ON JANUARY 24 A GIRL CALLED ME UP AND TOLD ME I WILL GET IT.
> SOMEHOW SHE MISUNDERSTOOD AND I NEVER GOT IT.
> I NEVER SENT YOU ALL THE DEFENDENTS, THEIR ADDRESSES AND
> THE AMOUNTS I WANTED.
>
> ALSO TWO WEEKS AGO I GOT A MEMO THAT YOU WERE GOING TO
> GIVE ME A LAWYER. TWO WEEKS LATER I GOT A LETTER
> CANCELLING MY LAW SUIT.
> I NEVER HAD A LAW SUIT. I DO NOT WALK, NOR WRITE, SO
> WITHOUT AN ATTORNEY I CAN NOT DO ANYTHING.
>
> AGAIN I NEVER FILED A LAW SUIT IN YOUR COURT. YOU CANNOT
> DICTATE TO ME WHAT I CAN DO OR CANNOT DO.
>
> ALSO YOU KNOW THAT OVER 30 YEARS I DID NOT RECEIVE ANY
> ROYALTIES FOR MY SONGS, YOU SHOULD HAVE NOTIFIED THE LAW,
> THAT IS A LAW.
>
> WHEN YOU READ ABOUT KIDS DYING FOR LACK OF FOOD AND
> WATER, IT WILL BE PART YOUR FAULT. WHEN SOMEONE DIES FROM

SICKLE CELL OR HUNTINGTONS DISEASE IT WILL ALSO BE YOUR FAULT. I WAS NOT GOING TO KEEP ANY MONEY BUT DONATE IT FOR A RESEARCH CENTER AND GIVE IT TO STARVING KIDS ALL OVER THE WORLD.

YOURS TRULY
JACK BERGON [signature]

(Bergon's Ltrs., ECF No. 22 at 7.)[6]

# DISCUSSION

## I. Standard of Review

### A. Sanctions

Rule 11(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P." and "Rule 11(b)") provides, in relevant part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. . . .

Fed. R. Civ. P. 11(b)(3).

To enforce Rule 11(b), the district court is authorized to sua sponte "order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)," Fed. R. Civ. P. 11(c)(3), and "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an

---

[6] Bergon has filed four additional letters on September 30, 2024 and October 4, 2024. (ECF Nos. 28–31.) These letters, submitted after the deadline to respond to the Court's Order to Show Cause, do not provide any evidence for Bergon's allegations of judicial misconduct and do not request any relief from this Court. Accordingly, the Court does not consider these letter submissions in its analysis. Even if these letters were considered, these letters would not change the Court's decision.

appropriate sanction on any attorney, law firm, or party that violated the rule . . . ." Fed. R. Civ. P. 11(c)(1). It is well established that "[a] court may also sanction a litigant pursuant to its inherent authority if there is clear evidence that the litigant's conduct was (1) entirely without color and (2) motivated by improper purposes." *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 56 (2d Cir. 2018) (quotation marks and brackets omitted); *see also Caisse Nationale de Credit Agricole-CNCA, N.Y. Branch v. Valcorp, Inc.*, 28 F.3d 259, 264 (2d Cir. 1994) (holding that Rule 11 sanctions "may be imposed on a person who signs a pleading, motion, or other paper for an improper purpose" or where the person "does so without a belief, formed after reasonable inquiry, that the position espoused is factually supportable and is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law").

Courts have applied Rule 11(b) to sanction litigants for making baseless accusations of judicial misconduct against the Court. *See, e.g.*, *Monbo v. Nathan*, No. 18-cv-5930, 2023 WL 3204539, at *1 (E.D.N.Y. May 2, 2023) (imposing a sanction of $500 on each pro se plaintiff for violating Rule 11(b) for claiming, "without evidentiary support, that the Court accepted bribes from Defendants in exchange for judicial favors") (quotation marks omitted); *Azkour v. Maucort*, No. 11-cv-5780, 2018 WL 502674, at *10 (S.D.N.Y. Jan. 18, 2018) (imposing sanctions on a pro se plaintiff where the "[p]laintiff's contentions of judicial 'bias,' 'hostility,' 'prejudice,' 'intimidation,' and 'retaliation' reflect a relentless desire to discredit the reputation of the [c]ourt whenever [plaintiff] is dissatisfied with the [c]ourt's rulings" and noting that "[s]uch tactics are invidious and harmful to this institution; indeed, the Second Circuit has recognized that false accusations of judicial bias uniquely 'undermine the integrity of the judicial process'" (quoting

13

*Ransmeier v. Mariani*, 718 F.3d 64, 68–69 (2d Cir. 2013)).

Bergon has had ample opportunity, but has failed to provide any evidentiary support for his allegations that the undersigned, Magistrate Judge Lindsay, and/or Chief Clerk Mahoney:

> HAVE LIED AND IGNORED MY LETTER TO THEM. THEY ARE BEING INVESTIGATED FOR TAKING A BRIBE TO STOP MY LAW SUIT. . . . THE WOMEN AT THE COURT THAT THE 3 PEOPLE HAVE BEEN TAKING KICK BACKS FOR A LONG TIME. THEY ARE BRENA B. MAHONEY CLERK, JUSTICE NUSRAT JAHAN CHOUDBURY AND MAGISTRATE ARLENE LINDSAY. . . .

(Bergon's July 24, 2024 Ltr.) Nor has he recanted these baseless allegations. Rather, Bergon has doubled down on these claims, asserting as recently as August 13, 2024:

> THEY HAVE LIED AND IGNORED MY LETTERS TO THEM. THEY ARE BEING INVESTIGATED FOR TAKING A BRIBE TO STOP MY LAW SUIT. THE FBI, IRS,BAR ASSOCIATION COMPLAINT, BOTH FOR LAWYERS AND JUDGES. THE ATTORNEY GENERAL OF THE UNITED STATES. THIS LETTER WILL BE SENT TO JOHN ROBERTS OF THE SUPREME COURT, GOVERNOR OF NEW YORK, AND THE ATTORNEY GENERAL AGAIN OF THE UNITED STATES.
>
> THE WOMEN AT THE COURT THAT THE 3 PEOPLE HAVE BEEN TAKING KICK BACKS FOR A LONG TIME.
>
> THEY ARE BRENA B MAHONEY CLERK, JUSTICE NUSRAT JAHAN CHOUDBURY AND MAGISTRATE ARLENE R. LINDSAY.

(Bergon's Ltrs., ECF No. 22 at 6.)

Bergon has not only failed to produce evidentiary support for his accusations about the undersigned, Magistrate Judge Lindsay, and Clerk of Court Mahoney, but he has wholly ignored the Court's instruction to "address why the Court should not sanction him in accordance with Rule 11(c) for violating Federal Rule of Civil Procedure 11(b)." (Order to Show Cause at 2–3, 5.)

The Court thus finds that sanctions are appropriate. Mindful of Bergon's financial

14

position as reported on his application to proceed IFP (ECF No. 2) together with the fact that he paid the $405.00 fee less than a month later (ECF No. 12) while the IFP application was pending,[7] **the Court finds that a sanction of $100.00 payable to the United States District Court for the Eastern District of New York is warranted under the circumstances. Bergon shall pay this sanction by November 18, 2024 and is WARNED that his failure to timely pay this sanction will lead to the dismissal of his Complaint.**

### B. Recusal

28 U.S.C. § 144 requires that a party seeking recusal of a district court judge on the basis of "personal bias or prejudice" file an "affidavit . . . stat[ing] the facts and the reasons for the belief that bias or prejudice exists . . . ." *See also Sibley v. Geraci*, 858 F. App'x 415, 417 (2d Cir. 2021) (holding that a motion for recusal of the presiding judge was properly denied where the plaintiff had raised only "speculative assertions" and "did not allege, let alone demonstrate, that [the judge] was biased against him nor did he allege any facts suggesting that [the judge's] impartiality could be questioned"). Indeed, "seeking a judge's recusal simply because a litigant is unhappy with a judge's ruling or case management—in other words, judge-shopping—is insufficient grounds to warrant recusal." *Conte v. Tapps Supermarket, Inc.*, No. 22-cv-3109, 2022 WL 18228316, at *2 (E.D.N.Y. Dec. 19, 2022), *appeal dismissed*, No. 23-16, 2023 WL 4310690 (2d Cir. June 20, 2023); *see also Watkins v. Smith*, 561 F. App'x 46, 47 (2d Cir. 2014).

Here, Bergon's sparse recusal motion states "I DO NOT WANT THE JUDGES THAT WERE ASSIGNED TO ME. WE HAD A CONFLICT, AND THERE IS PREJUDICE."

---

[7] Given Bergon's payment of the filing fee, the application to proceed IFP (ECF No. 2) is denied as moot.

15

(Recusal Mot.) Bergon has failed to provide any facts to support his motion. Nor has he included an affidavit stating reasons for the belief that either the undersigned or Magistrate Judge Lindsay harbor any bias or prejudice against him. Bergon's dissatisfaction with the Court's rulings and/or the management of his first case, *Bergon I*, is insufficient to warrant recusal.[8]

Accordingly, the Recusal Motion is denied. *See Rosen v. Sugarman*, 357 F.2d 794, 797 (2d Cir. 1966) ("There is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is.") (citation and quotation marks omitted).

### C. Service of the Complaint

Given Bergon's payment of the filing fee, he is responsible for serving each defendant with the summons and a copy of his complaint in accordance with Federal Rule of Civil Procedure 4's requirements. Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Bergon filed the Complaint on June 20, 2024 with an IFP application. (ECF Nos. 1–2.) However, given Bergon's payment of the filing fee on July 17, 2024 (ECF No. 12), together with the fact that his proposed summonses were not issued because Bergon did not complete them correctly (*see* ECF No. 21), the Court finds good cause to extend the 90-day deadline for service through November 8, 2024.

**To be clear, if service is not made upon the defendants by November 8, 2024, or if**

---

[8] Indeed, Bergon filed his recusal motion in this case shortly after he filed the present Complaint and the Court had yet not issued any orders in this case.

16

**Bergon fails to show good cause why such service has not been effected, the Complaint will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.** Bergon must provide a copy of this Order to the defendants along with the summonses and Complaint and shall file proof of service with the Court by November 8, 2024.

Bergon is once again encouraged to consult with the Hofstra Law Pro Se Clinic located in the Central Islip Courthouse, which can provide free information, advice, and limited scope legal assistance to non-incarcerated pro se litigants. The Court notes that the Pro Se Clinic is not part of, nor affiliated with, the United States District Court. Consultations with the Pro Se Clinic may be scheduled by emailing them at PSLAP@Hofstra.edu or by leaving a message at (631) 297-2575.

## CONCLUSION

For the reasons stated above, **Bergon is sanctioned in the sum of $100.00 to be paid by November 18, 2024 to the United States District Court for the Eastern District of New York. Bergon is cautioned that his failure to timely pay this sanction will result in the dismissal of his Complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b)**.

Further, for the reasons stated above, Bergon's motion for recusal (ECF No. 7) is denied and his motion to proceed IFP (ECF No. 2) is denied as moot.

Finally, **the time to serve the defendants is extended through November 8, 2024. Bergon is on notice that failure to timely serve the defendants and to provide proof of such service on or before November 8, 2024 will lead to the dismissal of his Complaint without prejudice pursuant to Federal Rule of Civil Procedure 4(m).**

      The Clerk of the Court shall mail a copy of this Order to Bergon at his address of record and note such mailing on the docket. Although Bergon paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that, should he seek leave to appeal *in forma pauperis*, any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated:    Central Islip, New York
           October 25, 2024

                                                        */s/ Nusrat J. Choudhury*
                                                        NUSRAT J. CHOUDHURY
                                                        United States District Judge