**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jack Bergon,<br><br>            Plaintiff,<br><br>    -v-<br><br>ASCAP!, Apple Music, Amazon, Amazon Music, CDBaby, Spotify, Microsoft, Venpardec Zentra,<br><br>         Defendants. | 2:24-cv-4660<br>(NJC) (ARL) |

**ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

   After providing notice and an opportunity to be heard, by Order dated October 25, 2024

(the "October Order") (ECF No. 33), the Court imposed a sanction on Jack Bergon ("Bergon"),

acting pro se, in the sum of $100.00 to be paid by November 18, 2024 to the United States

District Court for the Eastern District of New York. (*See* Order to Show Cause, Aug. 2, 2024,

ECF No. 18; October Order.) Further, the Court extended Bergon's time to serve the Defendants

through November 8, 2024. (October Order at 1, 16–17.) The October Order both "warned" and

"cautioned" Bergon "that his failure to timely pay this sanction will result in the dismissal of his

Complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b)." (*Id.* at 15, 17.)

Similarly, the Court made "clear" that "if service is not made upon the defendants by November

8, 2024, or if Bergon fails to show good cause why such service has not been effected, the

Complaint will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of

Civil Procedure." (*Id.* at 16–18.) To date, Bergon has neither paid the sanction, nor has he filed

proof of service.[1] Accordingly, for the reasons that follow and those set forth in the October Order, the Complaint is dismissed with prejudice. The Clerk of the Court shall enter judgment accordingly and close this case.

## BACKGROUND

The present action is the second action that Bergon has brought in this Court this year.

### I.    Bergon's First Lawsuit

Earlier this year, on January 24, 2024, Bergon filed a complaint against most of the Defendants named in this action and YouTube, together with a motion to proceed IFP and a motion seeking the appointment of pro bono counsel to represent him in that case. (*See Bergon v. Amazon* ("*Bergon I*"), No. 24-cv-625 (E.D.N.Y.), ECF Nos. 1–3.) By Memorandum and Order dated April 12, 2024 (the "Memorandum and Order"), the Court granted Bergon's IFP motion and *sua sponte* dismissed the complaint without prejudice pursuant to Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). (*See Bergon I*, Mem. & Order, ECF No. 16.) Given the dismissal of the *Bergon I* complaint, the Court denied the motion for the appointment of pro bono counsel as moot. (*Id*. at 8.) In light of Bergon's pro se status and in an abundance of caution, the Court granted Bergon leave to file an amended complaint in accordance with the guidance set forth in the Memorandum and Order by May 12, 2024. (*Id*.)

On May 17, 2024, after the May 12, 2024 deadline to file an amended complaint in *Bergon I* had passed and Bergon had not filed an amended complaint, the Court directed the

---

[1] That Bergon has not served the Defendants was made clear in Bergon's November 15, 2024 letter, in which he requests that the Court "PLEASE SEND OUT 12 SUMMONS THAT I FILLED OUT. I WANT PROOF.  YOU WERE SUPPOSE[D] TO SEND THEM OUT." (Bergon's Nov. 15, 2024 Ltr., ECF No. 52.)

Clerk of the Court to enter judgment in accordance with the Memorandum and Order and to close that case. (*See Bergon I*, Order, May 17, 2024.) Judgment was entered on May 20, 2024. (*See Bergon I*, Judgment, ECF No. 28.) Bergon filed a Notice of Appeal on July 2, 2024. (*Bergon I*, ECF No. 33.)

## II.    Bergon's Second Lawsuit

On June 20, 2024, Bergon filed the application to proceed IFP together with a two-page letter expressing an intent to pursue unspecified claims against ASCAP!, Apple Music, Amazon, Amazon Music, CDBaby, Spotify, Microsoft, and Venpardec Zentra (collectively, "Defendants"). (Compl., ECF No. 1; IFP Mot., ECF No. 2.) The Court liberally construed the two-page letter as the Complaint, thereby initiating this second action. (*See* Compl.)

On July 15, 2024, Bergon filed a letter motion seeking the reassignment of this case to different judges because "WE HAD A CONFLICT AND THERE IS PREJUDICE" and, on July 17, 2024, Bergon paid the Court's filing fee. (Recusal Mot., ECF No. 7; ECF No. 12.)[2] On July 24, 2024, Bergon filed another letter wherein he alleges the following:

> THE JUDGES AND CLERK CAN NOT WORK ON MY CASE SINCE THEY ARE DEFENDANTS IN MY LAW SUIT. THEY HAVE LIED AND IGNORED MY LETTERS TO THEM. THEY ARE BEING INVESTIGATED FOR TAKING A BRIBE TO STOP MY LAW SUIT. . . . THE WOMEN AT THE COURT THAT THE 3 PEOPLE HAVE BEEN TAKING KICK BACKS FOR A LONG TIME. THEY ARE BRENA B. MAHONEY CLERK, JUSTICE NUSRAT JAHAN CHOUDBURY AND MAGISTRATE ARLENE LINDSAY. . . . PLEASE CHANGE MY JUDGE. I WILL NOT GO ON IF THEY ARE ON MY CASE.

---

[2] Excerpts from Bergon's submissions are reproduced here exactly as they appear in the original. Unless otherwise noted, errors in spelling, punctuation or grammar will not be corrected or highlighted.

(Bergon's July 24, 2024 Ltr., ECF No. 14.)

Given the seriousness of these allegations, which are not only baseless, but appear deliberately calculated to bolster Bergen's attempt to seek this Court's recusal, this Court issued an Order to Show Cause on August 2, 2024, which ordered Bergon "to provide evidentiary support for the statements made in his July 24, 2024 letter as set forth below within thirty (30) days of this Order, or otherwise show cause why the Court should not impose sanctions for violating Rule 11(b) of the Federal Rules of Civil Procedure." (Order to Show Cause at 2.) The Order to Show Cause was mailed to Bergon at his address of record. Bergon received the Order to Show Cause, as evidenced by his inclusion of a copy of the Order to Show Cause with a collection of letters Bergon filed with the Court on August 13, 2024. (Bergon's Ltrs., ECF No. 22.)[3]

After the Court issued the Order to Show Cause, Bergon filed letters with the Court on August 8, August 13, and August 14, 2024. (ECF Nos. 20–24.) None of the letters provide any evidentiary support for Bergon's allegations that the undersigned, Magistrate Judge Lindsay, and/or Chief Clerk Mahoney "HAVE LIED AND IGNORED MY LETTER TO THEM," or "ARE BEING INVESTIGATED FOR TAKING A BRIBE TO STOP MY LAW SUIT," or "HAVE BEEN TAKING KICK BACKS FOR A LONG TIME," as Bergon asserted in his July 24, 2024 Letter to the Court. (Bergon's July 24, 2024 Ltr.) The August 8, 2024 letter provides, in its entirety:

---

[3] Lest there be any doubt that Bergon received the Order to Show Cause, the copy that he filed with the Court bears his signature at the bottom of each of five pages of the six-page order. (*See* Bergon's Aug. 13, 2024 Ltr. at 10–15.)

> US STATE COURT
> PLEASE FORGIVE ME BUT I DO NOT KNOW HOW TO USE MY LAPTAP.
> I USE IT FOR EXPENSES, LETTERS, AND A STORY I AM WRITING.
> NOTHING ELSE.
> I COULD HARDLY READ, MY INSURANCE, DOES NOT HAVE A
> DOCTOR FOR ME, BUT AN EYE DOCTOR. YET THEY ARE PAID BY THE
> GOVERNMENT FOR ME AS A PATIENT.
> I AM 88 YEARS OLD.
> I CAN NOT WALK, WRITE OR READ, UNLESS THE LETTERS ARE
> BIGER. I HAD MY AIDE HELP ME WITH YOUR LETTERS. THE LETTERS
> ARE TOO SMALL FOR ME.
> IF YOU WANT TO SEND SOMEONE TO TEACH
> ME, I WILL TRY TO LEARN.
> YOURS TRULY,
> JACK BERGON

(Bergon's Aug. 8, 2024 Ltr., ECF No. 20.)[4] At the bottom of this letter, Bergon signed his name.

(*Id.*)

On August 13, 2024, the Court received a letter from Bergon dated July 25, 2024, in

which he makes baseless allegations similar to those set forth in his July 24, 2024 letter, which

prompted the Court to enter the August 2, 2024 Order to Show Cause. (*See* Bergon's July 25,

2024 Ltr., ECF No. 23.) This letter provides, in its entirety:

> DEFENDNTS OF JACK BERGON. DOCKET 2.24˜cv. 04660. NJC. ARJ
>
> JULY 25, 2024
>
> I AM 88 YEARS OLD, DO NOT WALK, TRAVEL, WRITE OR HARDLY
> READ.
> I VOLUNTEER FOR THE KOREAN WAR, YET GOT SENT TO FRANCE.
> NR. 1. JUDGE NUSRAT JAHAN CHOUDHYRY. ABUSED HIS AUTHORITY
> AND HIS OATH BEING A JUDGE. I APPLIED AN APPLICATION FOR A
> LAWYER AND NO EXPENSES. SINCE I HAD NO MONEY AND LIVED ON
> SOCIAL SECURITY. I GOT APPROVED, AND WAS WAITING FOR AN
> ATTORNEY. ONE MONTH WENT BY, NOTHING. SECOND MONTH I

---

[4] This letter accompanied a "Pro Se Registration and Consent for Electronic Service of Orders
and Notices Issued by the Court in Civil Cases," wherein Bergon declined consent. (ECF No. 20-
1.)

SPOKE TO THE WOMEN, SHE TOLD ME THAT NOTHING WILL HAPPEN SINCE THEY GOT A KICK BACK. THAT MY CLAIM WILL BE DONE. I CALLED UP THE SUPREME COURT, THEY KNOW ABOUT BUT NO ONE WILL DO ANYTHING ABOUT IT. I CALLED THE DA OF CENTRAL ISLIP, HE SAID HE WILL NOT DO ANYTHING.I GOT IN TOUCH WITH THE ATTORNEY OF THE UNITED STATES. HE HAD THE ATTORNEY THAT NOTIFFY THE BROOKLYN COURT. MAHONEY WHO WAS PART OF IT WILL DO NOTHING. I THEN NOTIFIED THE PAPER, RADIO, NOBODY CARED. I THEN TRIED THE FBI AND THE IRS. ALSO BAR ASSOCIAN AND DO NOT KNOW WHAT THEY DID. I FINALLY GOT NOTICE THAT MY SUIT GOT CLOSED. I NEVER HAD A SUIT, THEY HAD NOT ALL OF MY DEFENDENTS, NOR THE AMOUNTS. THE WHOLE TIME I COULD NOT GET ANYONE TO TALK TO. I APPEALED AND GOT MY CHANCE AGAIN. THIS TIME I PAID THE 405 DOLLARS. IT TOOK 3 WEEKS TO FIND MY CHESK. I ALSO TOLD THEM I DO NOT WANT THE 3 EOPLE TO BE INVOLED WITH MY CASE. ALSO ASKED FOR MY MEMOS, AND THERES. NO RESPONSE, ASKING 50,0000 DOLLARS. ADDRESS IS 100 FEDERAL PLAZE, CENTRAL ISLIP ,NY 11722.
NUMBER 2.MAGISTRATE JUDGE ARLENE LINDSAY. CONSPIRED WITH NR. 1 JUDGE. ASKING 50,000 DOLLARS. SAME ADDRESS.
NR.3. BRENNA B. MAHONEY. WAS INVOLVED WITH THE PERVIOUS 2. ASKING 50,OOO. ADDRESS IS 225 CALMAN PLASA EAST, BROOKLYN, NY 11202. WOULD LIKE DEPOSITION SEPT. 1, 2024 AT 40 MAINE AVE, APT. 3P ROCKVILLE CENTRE N.Y.. 11570. I WILL DO THE PROSECUTION SINCE I NOW MORE ABOUT MUSIC AND COPYRITE. I WOULD ALSO LIKE A SECOND CHAIR, TO HELP WITH THE LEGAL END. I WILL PAY THE PERSON.

(*Id.*) This letter also included Bergon's signature on the bottom of the first page. (*Id.*)

The Court received several additional letters from Bergon on August 13, 2024,[5] including a copy of the Order to Show Cause bearing Bergon's signature at the bottom of each of the first five pages thereof. (*See* Bergon's Ltrs., ECF No. 22 at 10–16.) Each of Bergon's letters filed on August 13, 2024 are reproduced below:

JACK BERGON
40 MAINE AVE APT 3P
ROCKVILLE CENTRE, NY 11570516-897-9706

---

[5] These additional letters were all filed together as ECF No. 22.

US COURT
CENTRAL ISLIP, NY 11722

REF2;24-cv-4660-NJC-ARL

FIRST A PERSON THAT I AM SUEING SHOULD NOT BE INVOLVED IN ANY DECISION ON MY BEHALF.

I REGISTERED IN DECEMBER 2023 TO HAVE A FREE ATTORNEY AND NO EXPENSES, IN JANUARY 24 I WAS NOTIFIED THAT I GOT THE OK. TO MAKE THIS SHORT, I NEVER GOT IT. FOR 3 MONTHS I GOT LETTERS FROM THE JUDGES. I TRIED TO TALK TO ONE OF THEM, NO RESPONSE. I GAVE UP ON IT, AND DECIDED TO PAY THE MONEY AND THIS ACCOUNT NUMBER IS THE NEW ONE THAT HAS NOTHING TO DO WITH THE PREVIOUS ONE, I BELIEVED THAT THEY WERE OBSTRUCTING THE JUSTICE THAT I DESERVED.

ENCLOSE FIND MY COPYRITE NUMBER TO PROVE THAT THEY WERE DONE AND CHECK WITH ASCAP HOW MANY ROYALTIES I HAVE. THEY SAID NOTHING. I TOLD THEM TO CHECK OUT IN AUGUST OF 2024.

I CAME BACK IN OCTOBER AND THEY WERE NASTY TO ME AND HUNG UP.

THIS IS FOR A 30 YEAR TIME PERIOD. MY SONGS WERE BEING PLAYED ALL OVER.
READ ME LETTERS AND YOU WILL FIND OUT THE REST.

ALL THE MONEY IS GOING TO CHARITY AND I WANT TI BUILD A RESEARCH CENTER FOR THE CURE OF SICKLE CELL AND HUNTINGTONS DISEASE. MY BEST FRIEND, BROTHER DIED IN 1944, AND MY GIRLFRIEND AND HER WHOLE FAMILY DIED FRO HUNTINGTONS. I WAS WITH MY GIRLFRIEND FOR OVER 35 YEARS. I NEED YOU TO WRITE OUT THE SUMMONS, I ENCLOSED THEM ALSO.

I CAN NOT WRITE OR WALK OR HARDLY READ. I WAS A VOLUNTERY IN THE KOREN WAR. I AM 88 YEARS OLD. GOD WILL TAKE OF THOSE WHO ARE GOOD AND HELP PEOPLE. THOSE WHO DO NOT, GOD WILL TAKE CARE OF THEM TOO.
PLEASE SEND OUT MY SUMMONS SOON.

YOURS TRULY. JACK BERGON [signature]

7

(Bergon's Ltrs., ECF No. 22 at 1.)

> THAT WAS IN 1978. I HAVE NOT RECEIVED ONE CENT IN ROYALTIES
> YET MY SONGS ARE PLAYED ALL OVER, BOTH IN SOCIAL MEDIA,
> RADIO, AND MY ALBUM IS BEING SOLD ALL OVER. I TRIED TO
> CONTACT 10 LAWYERS, THE BAR
> ASSOCIATION, NASSAU SUFFOLK LAWYERS, AND I AM TOLD THEY
> HAVE NO LAWYERS. I THOUGHT I CAN WORK OUT A DEAL WITH
> THEM. COPY WRITE LAW STIPULATES THAT NOONE CAN MAKE
> MONEY ON COPY WRITE MATERIAL THAT IS NOT THEIRS AND DOES
> NOT GET PERMISSION FROM THE WRITER. YET
> EVERY ONE IS MAKING A FORTUNE FROM MY SONGS AND I AM
> GETTING A NICKEL. I REGISTERED WITH ASCAP IN THE l990S ALSO
> WORKED OUT WITH YOU TUBE. THEY HAVE NOT GIVEN ME A CENT
> AND GIVING THE MONEY TO CDBABY.
> ANY MONEY I GET WILL GO TO CHARITY. THE IRS CAN CHECK ME
> OUT EVERY WEEK.
>
> PLEASE ME.
>
> YOURS TRULY,
> JACK BERGON [signature]

(*Id.* at 2.)

> THEY ALSO WORKED WITH CDBABY AND GAVE THEM MY COVER
> OF MY CD WHICH I GAVE IN THE 1990S AND STILL GAVE CDBABY
> THAT THEY GAVE THAM THE SONGS, AND ALSO LIED THAT IT WAS 7
> YEARS OLD WHICH CDBABY GAVE THEM. THAT COULD BE TRUE,
> BUT THEY DID NOT PLAY ONE SONG UNTIL
> 2023.
>
> AMASON ADVERTISED MY SONGS AND SOLD THOUSAND OF MY
> ALBUM. THEY ALSO ARE USING MY SONGS TO GET PEOPLE TO JOIN
> AMAZON MUSIC. I RECEIVED NO ROYALTIES. IN THE COPYWRITE
> LAWS NO ONE CAN MAKE ANY MONEY ON THE COPYWRITE
> MATERIALS WITHOUT MY PERMISSION. I GAVE NO ONE PERMISSION
> OR CONTRACT.
>
> APPLE MUSIC USED MY SONGS IN ADS TO GET PEOPLE TO JOIN
> THEIR MUSIC. PLAYED MY MUSIC OVER 2 THOUSAND TIMES.  SUE
> FOR 20 MILLION.

CDBABY CLAIMED THEY GAVE YOU TUBE MY SONGS IN 2016, YET I
GAVE YOU TUBE MY SONGS IN 1990S EXPECTING ROYLTIES.
CDBABY ALSO ADVERTISED MY SONGS SO PEOPLE CAN JOIN
CDBABY. SUE FOR 25 MILLION. SPOTIFY HAS USED MY SONGS TO
GET PEOPLE TO JOIN THEM. SUE FOR 5 MILLION.
MICROSEFT USED

Reference: Copyright Law in a Nutshell Mary LaFrance 3rd Edition
[signature]

(*Id.* at 3.)

CopyRITE FOR 8 SONGS WRITTEN BY JACK BERGON
1. BABY HEY~AU000164690
2. DON'T KNOW WHAT TOMORROW WILL BRING.
PAUOOO11O701
3.GOT TO LET YOU KNOW. PAU000091045
4.HONEST JOE. PAU000164691
5. HOW MANY. PAUOOO091044
6.LIFE STILL HAS ONE MORE JOY. PAU000164692
7.PEOPLE, PLACES AND THINGS. PAU000091043
8. WHEN YOU CAN SAY GOOD BYE.PAU000123222

ASCAP.3614891
APPLE MUSIC.101814314263

[signature]

(*Id.* at 4.)

PEOPLE TO SUE. JUNE 8, 2024

JACK BERGON

THIS IS FOR OVER 30 YEARS. ASCAP. SIGNED WITH THEM IN THE
1990S. THEY DID NOT KEEP TRACK ON MY ACCOUNT. MY SONGS ARE
BEING PLAYED AND SUNG ALL OVER AND NO ROYALTIES. WENT TO
THEM AUGUST OF 2024 AND THEY WOULD INVESTIGATE. THREE
MONTHS LATER I CALLED THEM, THEY WERE NASTY TO ME, AND
REFUSED TO GIVE ME ANY INFO. THEY ARE IN CONSPIRACY WITH
ALL THE MUSIC PEOPLE AND THEY OR SOMEONE ELSE, BUT THEY
KNOW.

9

SUE FOR 25 MILLION DOLLARS. YOU TUBE. SIGNED WITH THEM IN
THE 1990S, YET THEY DID NOT PLAY ANY OF MY SONGS UNTIL 2023
AND GAVE CREDIT
TO CDBABY. ONLY ONE SONG AND VERY TIME. I SENT THEM A
LETTER AND THEY TOLD ME THEY WOULD PLAY THEM ALL WHICH
ACCOUNTED FOR OVER 10,000 VIEWS IN 8, MONTHS ALL MY SONGS
ARE COPYWRITED, THEY MADE A
FORTUNE WITH MY SONGS BY HAVING ADS PLACED WITH MY
SONGS. I GOT NO ROYALTIES. FOR 30 YEARS THAT WOULD HAVE
BEEN 300,000 VIEWS. SUE FOR 25 MILLION DOLLARS.

[signature]

(*Id.* at 5.)

JACK BERGON
40 MAINE AVE APT 3P
ROCKVILLE CENTRE, NY 11570

YOUR HONOR
REF.2.24-cv-04660NJO-ARL

I NOTIFIED THE COURT THAT THE JUDGES AND CLERK CAN NOT
WORK ON MY CASE SINCE THEY ARE DEFENDANTS IN MY LAW SUIT.
THEY HAVE LIED AND IGNORED MY LETTERS TO THEM. THEY ARE
BEING INVESTIGATED FOR TAKING A BRIBE TO STOP MY LAW SUIT.
THE FBI, IRS,BAR ASSOCIATION COMPLAINT, BOTH FOR LAWYERS
AND JUDGES. THE ATTORNEY GENERAL OF THE UNITED STATES.
THIS LETTER WILL BE SENT TO JOHN ROBERTS OF THE SUPREME
COURT, GOVERNOR OF NEW YORK, AND THE ATTORNEY GENERAL
AGAIN OF THE UNITED STATES.

THE WOMEN AT THE COURT THAT THE 3 PEOPLE HAVE BEEN
TAKING KICK BACKS FOR A LONG TIME.

THEY ARE BRENA B MAHONEY CLERK, JUSTICE NUSRAT JAHAN
CHOUDBURY AND MAGISTRATE ARLENE R. LINDSAY.

I ALSO TOLD THEM I CAN HARDLY READ. I LIVE ALONE AND 4 AIDES
TAKE CARE OF ME 7 DAYS, 24 HOURS FOR WEEK. PLEASE CHANGE
MY JUDGE. I WILL NOT GO ON IF THEY ARE ON MY CASE. I AM
ENCLOSING MY CASE.

YOURS TRULY

10

JACK BERGON
    [signature]

(*Id.* at 6.)

    ADDRESS OF JACK BERGON DEFENDENTS 2.24-cv-04660-NJO-ARL
    ASCAP 250 W.57TH STREET NY10107

    YOUTUBE. 901 CHERRY AVE, SAN BRUNO, CALIFORNIA 94066

    APPLE MUSSIC 1 APPLE PARK WAY, CUPEREUNO, CAL, 96014

    AMAZON MUSIC.525 MARKET ST. SAN FRANCISCO, CAL 94105

    AMAZON.410 TERRY AVE N, SEATTLE 98109 WA

    THE COMPANY WHO SELS TO AMAZON. THEY GAVE ME THE NAME
    VENPARDEE ZENTINA. NO ADDRESS. c/o Amazon

    CDBABY.9600 NE CASCADES PARKWAY, SUITE 180. PORTLAND OR,
    97220

    SPOTIFY. 150 GREENWID ST 62ND FLOOR NEW YORY, NY 10007

    MICROSOFT. 920 FOURTH AVE SUITE 2900 SEATTLE, WASHINGTON
    95104

    I ALREADY GAVE YOU THE ADDRESSEES OF THE TWO JUDGES AND
    THE CLERK

    ANY QUESTIONS CALL ME AT 516 897 9706

    I WAS TOLD WHEN I PAID THE 405 THAT YOU WOULD SEND OUT THE
    SUMMENS.

    THANK YOU
    JACK BERGON               [signature]

(*Id.* at 8.)

On August 13, 2024, Bergon also re-submitted a letter that he had submitted to the Court

on May 30, 2024 in his first action, which had been returned to him because that case was closed

on May 17, 2024. (*Bergon I*, ECF No. 30; *see also Bergon I*, Elec. Order, May 17, 2024). This

letter is reproduced below.

> JACK BERGON
> 40 MAINE AVE APT 3P
> ROCKVILLE CENTRE, NY 11570
> 516 897 9706
>
> MAJESTIC JUDGE LINDSAY
>
> I HAVE NEVER HAD A LAW SUIT IN YOUR COURT.
> I ONLY FILLED OUT A FORM TO GET AN ATTORNEY FOR NOTHING
> WITH NO EXPENSES.
>
> ON JANUARY 24 A GIRL CALLED ME UP AND TOLD ME I WILL GET IT.
> SOMEHOW SHE MISUNDERSTOOD AND I NEVER GOT IT.
> I NEVER SENT YOU ALL THE DEFENDENTS, THEIR ADDRESSES AND
> THE AMOUNTS I WANTED.
>
> ALSO TWO WEEKS AGO I GOT A MEMO THAT YOU WERE GOING TO
> GIVE ME A LAWYER. TWO WEEKS LATER I GOT A LETTER
> CANCELLING MY LAW SUIT.
> I NEVER HAD A LAW SUIT. I DO NOT WALK, NOR WRITE, SO
> WITHOUT AN ATTORNEY I CAN NOT DO ANYTHING.
>
> AGAIN I NEVER FILED A LAW SUIT IN YOUR COURT. YOU CANNOT
> DICTATE TO ME WHAT I CAN DO OR CANNOT DO.
>
> ALSO YOU KNOW THAT OVER 30 YEARS I DID NOT RECEIVE ANY
> ROYALTIES FOR MY SONGS, YOU SHOULD HAVE NOTIFIED THE LAW,
> THAT IS A LAW.
>
> WHEN YOU READ ABOUT KIDS DYING FOR LACK OF FOOD AND
> WATER, IT WILL BE PART YOUR FAULT. WHEN SOMEONE DIES FROM
> SICKLE CELL OR HUNTINGTONS DISEASE IT WILL ALSO BE YOUR
> FAULT. I WAS NOT GOING TO KEEP ANY MONEY BUT DONATE IT FOR
> A RESEARCH CENTER AND GIVE IT TO STARVING KIDS ALL OVER
> THE WORLD.

YOURS TRULY
JACK BERGON [signature]

(Bergon's Ltrs., ECF No. 22 at 7.)[6]

Given Bergon's failure "to provide evidentiary support" for the allegations of judicial misconduct Bergon made in a July 24, 2024 letter to this Court (ECF No. 14), or to "otherwise show cause why the Court should not impose sanctions for violating Rule 11(b) of the Federal Rules of Civil Procedure," having been afforded ample opportunity do so and apprised of the consequences of his failure to do so, the Court imposed a sanction in the sum of $100.00 to be paid to the United States District Court for the Eastern District of New York by November 18, 2024. (*See* October Order at 1, 14–15, 16–17.) In imposing the sanction, "Bergon [wa]s cautioned that his failure to timely pay this sanction will result in the dismissal of the Complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b)." (*Id.* at 17.)

None of Bergon's nine submissions to the Court after the October 25, 2024 Order address the sanction or demonstrate good cause for his failure to timely serve the Defendants in this action. (*See* ECF Nos. 34-1, 46–48, 50–54.)[7] On October 28, 2024, Bergon filed three proposed summonses, in which he edited summonses he had filed on August 16, 2024 and which were not issued given that they named individuals who are not named as Defendants in the Complaint:

---

[6] Bergon filed four additional letters on September 30, 2024 and October 4, 2024. (ECF Nos. 28–31.) These letters, submitted after the deadline to respond to the Court's Order to Show Cause, do not provide any evidence for Bergon's allegations of judicial misconduct and do not request any relief from this Court. Accordingly, the Court does not consider these submissions in its analysis. Even if these letters were considered, they would not change the Court's decision.

[7] Notably, on October 21, 2024, Bergon filed proposed summonses for ASCAP, Apple Music, Amazon, Amazon Music, CDBaby, Spotify, Microsoft, and Venpardec Zentra and they were issued by the Clerk of the Court on October 28, 2024. (Summonses, ECF Nos. 36–43.)

AO 440 (Rev. 06/12)  Summons in a Civil Action

*Reference by*
*Copy Right Law*
*In a NutShell*
*BY: Mary LaFrance*

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

_____
        Jack Bergon
        Plaintiff(s)

v.

_____
        Youtube
        Defendant(s)

*September 23, 2024*

Civil Action No. *24 CV 46680 -NJC ARL*

*25 million cas Ets.*

*25 million*

## SUMMONS IN A CIVIL ACTION

To: (Defendant's name and address) *901 Cherry Ave, San bruno, California 94066*
*For over 30 years I have Not receive any royalties From*
*them, all My Songs Where Copyright in 1998 they Made a*
*Fortune With the Ads, they Where in Conspiracy with CDBaby*
*Suing For 25 Million Dollar*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: 

*40 Maine Ave,*
*Apt. 3P,*
*Rockville Centre,*
*New York, 11570*

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

BRENNA B. MAHONEY
*CLERK OF COURT*

Date: _____                    _____
                                              Signature of Clerk or Deputy Clerk

14

Case 2:24-cv-04660-NJC-ARL   Document 21-1   Filed 08/16/24   Page 3 of 23 PageID #: 59

AO 440 (Rev. 06/12) Summons in a Civil Action

*Reference By:*
*Copy Right Law*
*iiv q NutShell*
*By: Mary La France*

# UNITED STATES DISTRICT COURT
### for the
Eastern District of New York

Jack Bergon
_____
Plaintiff(s)

v.

Brenna B. Mahoney
_____
Defendant(s)

)
)
)
)
)
)
)
)
)
)
)

September 22, 2024

Civil Action No. 24CV46680-NJC-ARL

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* 225 Cadman Plaza East Brooklyn NY 11201
I applied For the program that allowed the Court to apply an attorney for expense Not to be payed they ok it on January 24, 2024  CV24-625(NJC)(CARL) I did Not receive NotHing No reply I sent Memo and Made phonecalls he is an obstruction of Justice he and two Judge are guilty of it Suing For 50 thousand

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

40 Maine Ave, Apt. 3P,
Rockville Centre,
Apt. 3P New York 11570

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

BRENNA B. MAHONEY
*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

*Reference By: Copy Right Law in a Nutshell By: Mary LaFrance*

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

_____
Jack Bergon
*Plaintiff(s)*

v.

Judge Nusrat Jahan Choudhury
Magistrate Judge Arlene R. Lindsay
*Defendant(s)*

Civil Action No.

*September 23, 2024
24CV 46680-NJC-ARL
24 cv 46 680
NJC-ARL*

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* 100 Federal Plaza Central Islip N.Y 11722

*I applied For the Program that allowed the Court to apply an attorney For Expense Not to be Payed they had ok it on January 24, 2024 CV24-625(NJC)(ARL) I did Not receive Nothing No reply I sent Memo Made Phone Calls No reply they are both obstruction of Justice they And Brenna B. Mahoney*

A lawsuit has been filed against you. *Suing For 80,000.⁰⁰ Each*

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

*40 Maine Ave.,
Apt. 3P,
Rockville Centre
New York 11570*

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

BRENNA B. MAHONEY
*CLERK OF COURT*

Date: _____     _____
                                                        *Signature of Clerk or Deputy Clerk*

16

(Bergon's Proposed Summonses, ECF No. 34-1.) By letter also dated October 28, 2024, the

Court's Pro Se Office returned the Proposed Summonses to Bergon and explained:

> The Summons are being returned for the following reasons: The Summons list
> parties are not party of your complaint. If you wish to add defendants, please
> file an amended complaint. Please understand an amended complaint will
> supersede the original complaint filed.

(Matute Ltr., Oct. 28, 2024, ECF No. 34.)

By letter dated October 28, 2024, which was received by the Court on November 4, 2024,

Bergon wrote:

> JACK BERGON
> 40 MAINE AVE. APT 3P
> ROCKVILLE CENTRE, NY11570
> 516-897-9706
>
> HENRY MATUTE
> REF. TRIAL-2;cv-04660-NJC-ARL
>
> YOU CAN GIVE THEIR SUMMONS AND PUT IT UP THEIR BEHINDS.
> I HAVE PROOF THT THEY RECEIVED IT, AND WE WILL LET THE JURY
> DECIDE. YOU HAVE THE 11 PAGES OF SUMMONS THAT MY AIDE
> FILLED OUT. ON ONE OF THEM THERE IS THE TWO JUDGES NAMES
> ON IT. THAT WAS WAY BEFORE I SENT YOU THAT LETTER. YOU
> SHOUKD HAVE THOSE SUMMONS AND I WANT YOU TO M IT TO ME
> WITHIN TWO WEEKS OR I WILL ADD YOUR NAME TO THE WITNESS
> LIST. I HAVE PROOF THAT YOU REECIEVED IT, YOU TOLD ME ON
> THE PHONE. MY AIDE WHO FILLED OUT THEM AND MAILED THEM
> WILL TESTIFY.
> PURJURY WILL GET YOU 5 YEARS.. IF YOU DESTROYED THEM, THAT
> WILL GET YOU ANOTHER 5 YERS.
> YOU WILL DEFINITELY BE  BITCH TO MANY OF THE PRISONER.
> I HAVE SIGNED UP WITH ANOTHER COURT, WITH 30 TO 60 DAYS
> NOTICE FOR TRIAL.
> I HAVE TWO WITNESSES FRO, ASCAO WHO WILL TESTIFY THAT
> JUDGE CLOUDHURY GOT MONEY
> AND GV THEM COURT PAPERS OF MY SO CALLED FIRST TRIAL.  HE
> WILL GO TO JIL. GOD IS GOOD, BUT HE IS ALSO VENGEFUL. IF I DO
> NOT GET THOSE PAPERS WITHIN TWO WEEKS, YOUR HEALTH WILL

DETERIATE. PLUS YOU WILL HAVE TO WATCH WHAT YOU EAT.
ACCIDENTS ALSO HAPPEN A LOT.

JACK BERGON
   [signature]

(Bergon Ltr, ECF No. 47.)

     By letter dated October 30, 2024, which was received by the Court on November 4, 2024,

Bergon wrote:

JACK BERGON
40 MAINE AVE APT 3PEE
ROCKVILLE CENTRE, NEW YORK, 11570
516-897-9706

UNITED STATES OF DISTRICT COURT
REFERENCE; 2;24cv-4660

YOU LEFT OUT 4 DEFENDENTS. THE TWO JUDGES, THE CLERK AND YOU
TUBE. ALSO I CANCELLED MY LAW SUIT OVER A MONTH A GO . YOU MUST
HAVE MISSED THE LETTER. I COULD NEVER GET AN HONEST TRIAL WITH
YOUR COURT.

11 MONTHS IS A LITTLE TOO LONG.

WHEN I MEET WITH JOHN ROBERTS FROM THE SUPREME COURT I WILL
ASK HIM JUST HOW LONG IT SHOULD TAKE?
SO YOU GO YOUR WAY, AND I WILL GO MINE. WISHING YOU WELL, AND
LET GOD WATCH OVER ALL OF YOU..

YOURS TRULY
JACK BERGON
     [signature]

(Bergon Ltr., ECF No. 46.)

     By undated letter filed on November 6, 2024, Bergon wrote:

JACK BERGON
40 MAINE AVE APT 3P
ROCKVILLE CENTRE, NY 11570
516-897-9706

UNITED STATES DISTRICT COURT
REFERENCE;2[24-cv-4660-NJC-ARL

ENCLOSE FIND THE SUMMONS THAT SHOULD HAAVE BEEN SENT 4
MONTHS AGO.

I DO NOT BELIEVVE ANYTHING YOUR COURT HAS SAID.

ONLY IF YOU WILL SEND THE SUMMONS YOURSELF AS I WAS ORIGINALLY
PROMISED WHEN I GAVE YOU 401 DOLLARS.  I WANT PROOF.
ALSO YOU SUPPLY ME WITH AN ATTORNEY LIKE I WAS TOLD ALSO.
THAT NONE OF THE JUDGES OR THE CLERK SHOULD BE INVOLVED.
SINCE THEY ARE DEFENDERS. IF I GO TO COURT YOU WILL GET ANY
INFORMATION YOU WANT. I HAVE A WITNESS WHO WILL TESTIFY.
I WANT A JURY TRIAL PLUS A PROSECUTOR ATTORNEY.
AFTER THE ELECTION YOU WILL HEAR FROM SOMEONE THAT WILL TAKE
YOU OFF THE BEENCH. I CANCELLED MY SUIT OVER 6 WEEKS AGO.
ONLY IF YOU FOLLOW MY INSTRUCTIONS DO I WANT ANY PART OF YOU.
I SENT OUT THE SUMMONS 1 MONTH AGO.
THE JUDGES MAILED IT BACK.
I ONLY LIVE ON SOCIAL SECURITY. WHICH YOU CAN NOT TOUCH.
AND I NECER GOT ANY REQUEST ABOUT ANYTHING. SHOW ME PROOF.

[signature]

(Bergon Ltr., ECF No. 48.) This letter was accompanied by a copy of the first two pages of the

October Order with a handwritten notation on the caption: "The Judge is a Defendant" and the

word "LIE" at the top of the second page. (*Id.*)

By undated letter filed on November 7, 2024, Bergon enclosed a copy of Matute's

October 28, 2024 letter and wrote:

UNITED STATES DISTRICT COURT

REFERENCE JACK BERGON 2;.24-cv-04660-NJC-ARL

YOU SENT ME AN APPEAL.  DOES NOT MAKE A DIFFERENCE.

YOUR COURT IS CORRUPT AS THE MAFIA;

19

11 MONTHS AND HOLDING MY SUMMONS FOR 4 MONTHS, NOT ANSWERING MY PHONE TO PRO FOR 2 MONTHS. CLAIMING THAT THE DEFENDERS ARE NOT COMPLETE.  THEY LEFT OFF 4 NAMES. ALSO HOW DID ONE OF MY DEFENDERS GET MY COURT PAPERS AND CLAIMED HE MADE A PAY OFF.

I COULE NEVER GET A FAIR TRIAL IN YOUR COURT.

YOUR COURT IS NOT AMERICAN. IT IS A RUSSIAN COURT WITH CRIMINAL JUDGES RUNNING IT.  GOD WILL HOLD THOSE WHO ARE RESPONSIBLE.

THANKS BUT NO THANKS.
88 YEARS OLD, CAN NOT WALK, WRITE, CAN HARDLY READ.  SPENT 2 YEARS IN THE KOREAN WAR.

YOURS TRULY

[signature]

(Bergon Ltr., ECF No. 50.)

By unsigned and undated letter filed on November 15, 2024, Bergon wrote:

JACK BERGON
40 MAINE AVE APT 3P
ROCKVILLE CENTRE, NY 11570
516-897-9706

CHOUDURY;

I HAVE TOLD YOU AT LEAST 50 TIMES I CAN NOT WRITE.
WHY ARE YOU WRITING FOR YOUR FRIEND HAROLD.
SOMEONE CALLED ME AND TOLD ME BOUT YOUR KICKBACK.
ALSO A WOMAN TOLD ME THAT MY LAWSUIT WILL NEVER COME TO COURT. I DO NOT CARE. REMEMBER WHAT I TOLD YOU

YOUR CURSE FOR TAKING MONEY FROM SO MANY PEOPLE.
I WILL KEEP ON DONATING MONEY TO PEOPLE WHO NEED IT.
$10.00, $20.00 OR EVEN MORE. YOU THINK ABOUT YOURSELF ONLY.  GOD IS WATCHING
REMEMBER MY WORDS.

[unsigned]

(Bergon Ltr., ECF No. 53.) By undated letter filed on November 18, 2024, Bergon wrote:

U.S. DISTRICT COURT
REFERENCE: JACK BERGON AGAINST ASCAP.

IF THE CORRUPT COURT WANTS TO LET CORRUPT
ASCAP WHO HAS STOLEN FOR 30 YEARS MY ROYALTIES
OF 8 SONGS WHICH HAS BEEN COPYRITED DISMISSED,
THEY DO NOT BELONG IN THEJUSTICE SYSTEM.
ONCE JANUARY COMES, THE U.S. DISTRICT COURT IN
CENTRAL ISLIP WILL BE INVESTIGATED COMPLETELY.
THERE IS A WITNESS AT ASCAP WHO NOTIFIED ME THAT
ASCAP GAVE A JUDGE A KICKBACK.
THERE IS A WOMAN WHO NOTIFIED ME THAT THIS
JUDGE ON THE PHONE THAT MY CASE WILL NEVER COME
TO COURT.
I DO NOT NEED THE MONEY, IT WAS ALL GOING TO
CHARITY. FOR THE CHILDREN WHO HAS NO FOOD, NO
WATER, OR A PLACE TO SLEEP.

I WOULD NEVER GET AN HONEST TRIAL AT THE
U.S. DISTRICT COURT IN CENTRAL ISLIP.
I WAS ALSO TOLD THAT ASCAP HAS BEEN STEALING
MONEY FROM MANY COMPOSERS.
IF THIS IS THE PERSON.. YOU WANT TO DEFEND, GOD
WILL BE WATCHING.

JACK BERGON [unsigned]

(Bergon Ltr., ECF No. 51.) By letter dated November 15, 2024 and filed on November 18, 2024,

Bergon wrote:

JACK BERGON
40 MAINE AVE, APT 3P
ROCKVILLE CENTRE, NY 11570
516-897-9706                          NOV 15, 2024

UNITED STATES DISTRICT COURT
REFERENCE; JACK BERGON
PLEASE SEND OUT 12 SUMMONS THAT I FILLED OUT.
I WANT PROOF. YOU WERE SUPPOSE TO SEND THEM

OUT. ALSO I WAS PROMISED AN ATTORNEY.
SINCE I CAN NOT WALK, WRITE OR READ.I HAVE TOLD
JUDGE CHOUDHURY 10 TIMES THAT I NEED HELP.
ONE OF HIS MEMOS I WAS PROMISED AN ATTORNEY.
MAHONEY, AND YOU HAVE NOT BEEN HONEST WITh
ME.  ALSO I WAS TOLD THAT JUDGE  CHOUDHURY HAS
BEEN WRITING THE MAIL TO ME, AND HE SENDS IT TO
ASCAP, AND ASCAP MAILS IT TO ME. SO IT LOOKS THAT
ASCAP HAS WRITTEN TO ME.
30 YEARS HAVE PASSED AND I HAVE 37 CENTS FOR MY
ROYALTIES,
IF THIS IS HONESTY, THEN THERE IS NO HONESTY
IN YOUR COURT.

YOURS TRULY
JACK BERGON

AGAIN I CAN NOT READ OR WRITE OR WALK.
I WAS A KOREAN VET.

(Bergon Ltr., ECF No. 52.) Finally, by letter dated November 18, 2024 and filed that date,

Bergon wrote:

JACK BERGON
40 MAINE AVE, APT 3PP
ROCKVILLE CENTRE, NY 11570
516-897-9706                        NOVEMBER 18, 2024

U.S. DISTRICT COURT
REFERENCE; JACK BERGON

IT IS AMAZING THAT ASCAP KNEW THE COURT, JUDGE
AND ID NUMBER. AT FIRST HE GOT IT WRONG. YET
JUDGE CHOUDHURY CHANGED IT.
AS FAR AS ASCAP MOTION, IT IS NULL AND VOID.
A CRIMINAL WILL GET A LAWYER.  I AM ON DEFENSE, AND I
CAN NOT READ OR WRITE. I CAN NOT DEFEND MYSELF IF I DO
NOT KNOW WHAT ASCAP IS SAYING.  I NEED A LAWYER.
IF NOT THEN WHAT JUDGE CHOUDHURY WROTE AND GAVE IT
TO ASCAP TO SEND TO ME, IT MEANS NOTHING.
ASCAP MUST HAVE GIVEN THE JUDGE A FORTUNE.

YOURS TRULY

JACK BERGON [unsigned]

(Bergon Ltr., ECF No. 54.)[8]

## DISCUSSION

## I.    <u>Standard of Review</u>

### A.  Sanctions

Rule 11(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P." and "Rule 11(b)")

provides, in relevant part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. . . .

Fed. R. Civ. P. 11(b)(3).

To enforce Rule 11(b), the district court is authorized to *sua sponte* "order an attorney,

law firm, or party to show cause why conduct specifically described in the order has not violated

Rule 11(b)," Fed. R. Civ. P. 11(c)(3), and "[i]f, after notice and a reasonable opportunity to

respond, the court determines that Rule 11(b) has been violated, the court may impose an

appropriate sanction on any attorney, law firm, or party that violated the rule . . . ." Fed. R. Civ.

P. 11(c)(1). It is well established that "[a] court may also sanction a litigant pursuant to its

---

[8] This letter appears to respond to the November 5, 2024 letter from ASCAP's counsel seeking a premotion conference in anticipation of filing a motion to dismiss the Complaint. (*See* Reimer Ltr., ECF No. 45.) By Electronic Order dated November 7, 2024, the Court entered a briefing schedule that required the fully briefed motion to dismiss be filed with the Court by November 27, 2024. (Elec. Order, dated November 7, 2024.) ASCAP filed its motion to dismiss on November 25, 2024 (ECF No. 55). Given the dismissal of the Complaint as set forth herein, the November 7, 2024 Electronic Order is now moot and ASCAP's motion is dismissed as moot.

inherent authority if there is clear evidence that the litigant's conduct was (1) entirely without color and (2) motivated by improper purposes." *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 56 (2d Cir. 2018) (quotation marks and brackets omitted). Rule 11 sanctions "may be imposed on a person who signs a pleading, motion, or other paper for an improper purpose" or where the person "does so without a belief, formed after reasonable inquiry, that the position espoused is factually supportable and is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law." *Caisse Nationale de Credit Agricole-CNCA, N.Y. Branch v. Valcorp, Inc.*, 28 F.3d 259, 264 (2d Cir. 1994).

Courts have applied Rule 11(b) to sanction litigants for making baseless accusations of judicial misconduct against the Court. *See, e.g.*, *Monbo v. Nathan*, No. 18-cv-5930, 2023 WL 3204539, at *1 (E.D.N.Y. May 2, 2023) (imposing a sanction of $500 on each pro se plaintiff for violating Rule 11(b) for claiming, "without evidentiary support, that the Court accepted bribes from Defendants in exchange for judicial favors") (quotation marks omitted); *Azkour v. Maucort*, No. 11-cv-5780, 2018 WL 502674, at *10 (S.D.N.Y. Jan. 18, 2018) (imposing sanctions on a pro se plaintiff where the "[p]laintiff's contentions of judicial 'bias,' 'hostility,' 'prejudice,' 'intimidation,' and 'retaliation' reflect a relentless desire to discredit the reputation of the [c]ourt whenever [plaintiff] is dissatisfied with the [c]ourt's rulings" and noting that "[s]uch tactics are invidious and harmful to this institution; indeed, the Second Circuit has recognized that false accusations of judicial bias uniquely 'undermine the integrity of the judicial process'" (quoting *Ransmeier v. Mariani*, 718 F.3d 64, 68–69 (2d Cir. 2013)).

With these standards in mind, the Court sanctioned Bergon in the sum of $100.00 finding that:

Bergon has had ample opportunity, but has failed to provide any evidentiary support for his allegations that the undersigned, Magistrate Judge Lindsay, and/or Chief Clerk Mahoney:

> HAVE LIED AND IGNORED MY LETTER TO THEM. THEY ARE BEING INVESTIGATED FOR TAKING A BRIBE TO STOP MY LAW SUIT. . . . THE WOMEN AT THE COURT THAT THE 3 PEOPLE HAVE BEEN TAKING KICK BACKS FOR A LONG TIME. THEY ARE BRENA B. MAHONEY CLERK, JUSTICE NUSRAT JAHAN CHOUDBURY AND MAGISTRATE ARLENE LINDSAY. . . .

(Bergon's July 24, 2024 Ltr.) Nor has he recanted these baseless allegations. Rather, Bergon has doubled down on these claims, asserting as recently as August 13, 2024:

> THEY HAVE LIED AND IGNORED MY LETTERS TO THEM. THEY ARE BEING INVESTIGATED FOR TAKING A BRIBE TO STOP MY LAW SUIT. THE FBI, IRS,BAR ASSOCIATION COMPLAINT, BOTH FOR LAWYERS AND JUDGES. THE ATTORNEY GENERAL OF THE UNITED STATES. THIS LETTER WILL BE SENT TO JOHN ROBERTS OF THE SUPREME COURT, GOVERNOR OF NEW YORK, AND THE ATTORNEY GENERAL AGAIN OF THE UNITED STATES.
>
> THE WOMEN AT THE COURT THAT THE 3 PEOPLE HAVE BEEN TAKING KICK BACKS FOR A LONG TIME.
>
> THEY ARE BRENA B MAHONEY CLERK, JUSTICE NUSRAT JAHAN CHOUDBURY AND MAGISTRATE ARLENE R. LINDSAY.

(Bergon's Ltrs., ECF No. 22 at 6.) Bergon has not only failed to produce evidentiary support for his accusations about the undersigned, Magistrate Judge Lindsay, and Clerk of Court Mahoney, but he has wholly ignored the Court's instruction to "address why the Court should not sanction him in accordance with Rule 11(c) for violating Federal Rule of Civil Procedure 11(b)." (Order to Show Cause at 2–3, 5.) The Court thus finds that sanctions are appropriate. Mindful of Bergon's financial position as reported on his application to proceed IFP (ECF No. 2) together with the fact that he paid the $405.00 fee less than a month later (ECF No. 12) while the IFP application was pending,[9] **the Court finds that a**

---

[9] Given Bergon's payment of the filing fee, the application to proceed IFP (ECF No. 2) was

> **sanction of $100.00 payable to the United States District Court for the
> Eastern District of New York is warranted under the circumstances. Bergon
> shall pay this sanction by November 18, 2024 and is WARNED that his
> failure to timely pay this sanction will lead to the dismissal of his Complaint.**

(October Order at 14–15.) The October Order was mailed to Bergon at his address of record and

was received as shown by the annotated excerpt Bergon filed with the Court on November 6,

2024. (*See* ECF No. 48.) Bergon has written to the Court on nine occasions since the October

Order and has entirely failed to address the sanction Order to provide any explanation for his

failure to timely pay the $100.00 sanction. Rather, Bergon has continued to press baseless

accusations against the undersigned and court staff and has threatened physical harm. (*See*

Bergon Ltr., ECF No. 47 ("IF I DO NOT GET THOSE PAPERS WITHIN TWO WEEKS,

YOUR HEALTH WILL DETERIATE. PLUS YOU WILL HAVE TO WATCH WHAT YOU

EAT. ACCIDENTS ALSO HAPPEN A LOT."); *see also* Bergon Ltr., ECF No. 48 ("AFTER

THE ELECTION YOU WILL HEAR FROM SOMEONE WHO WILL TAKE YOU OFF THE

BEENCH."); Bergon Ltr., ECF No. 50 ("YOUR COURT IS NOT AMERICAN.  IT IS A

RUSSIAN COURT WITH CRIMINAL JUDGES RUNNING IT. GOD WILL HOLD THOSE

WHO ARE RESPONSIBLE."); Bergon Ltr., ECF No. 51 ("THERE IS A WITNESS AT

ASCAP WHO NOTIFIED ME THAT ASCAP GAVE A JUDGE A KICKBACK."); Bergon

Ltr., ECF No. 53 ("SOMEONE CALLED AND TOLD ME BOUT YOUR KICKBACK.");

Bergon Ltr., ECF No. 54 ("ASCAP  MUST HAVE GIVEN THE JUDGE A FORTUNE.")).

    Federal Rule of Civil Procedure 41(b) provides a district court with the "authority to

dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*,

_____

denied as moot.

239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). The central purpose of Rule 41(b) is to impose a duty of due diligence on plaintiffs and to allow Courts to adjudicate cases in a prompt and orderly manner. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Bergon's conduct will not be countenanced and dismissal of the Complaint with prejudice at this juncture is warranted. *See*, *e.g.*, *Kalamaras v. Lombardi*, No. 11-cv-1262, 2012 WL 6091394, at *1 (E.D.N.Y. Nov. 14, 2012), *report and recommendation adopted*, No. 11-cv-1262, 2012 WL 6094148 (E.D.N.Y. Dec. 7, 2012) (dismissing complaint with prejudice pursuant to Rule 41(b) of the Federal of Rules of Civil Procedure where the pro se plaintiff did not pay $350 sanction or otherwise prosecute his case); *Kelly v. EMI Blackwood Music Inc.*, No. 07-cv-2123, 2007 WL 2327059, at *2 (S.D.N.Y. Aug. 16, 2007) ("Monetary sanctions would be meaningless, since [Plaintiff] has refused to pay the prior sanction, and thus dismissal is the appropriate sanction."), *aff'd*, 2007 WL 2766660 (S.D.N.Y. Sept. 21, 2007); *cf. Peker v. Fader*, 965 F. Supp. 454, 458 (S.D.N.Y. 1997) (holding that, where a contemnor had previously refused to pay fines and imprisonment was inappropriate, dismissal was "the most appropriate contempt sanction"). Indeed, in consideration of the factors set forth in *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014), no lesser sanction is appropriate in these circumstances. Bergon has ignored the Court's sanction order despite being given ample notice an opportunity to be heard and was fully informed of the consequence of nonpayment. This has resulted in prejudice to Defendant ASCAP and a tax of the Court's resources. Although "[n]o single factor is generally dispositive," and "the district court is not required to discuss the factors on the record," *Long v. Lian*, No. 23-267-PR, 2024 WL 4212190, at *2 (2d Cir. Sept. 17, 2024), the Court has done so here for the avoidance of any doubt that dismissal with prejudice is

warranted. Accordingly, the Complaint is dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### B.  Service of the Complaint

Even assuming that the Court excused Bergon's nonpayment, which it does not, the Complaint is subject to dismissal pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Given Bergon's payment of the filing fee, he is responsible for serving each Defendant with the summons and a copy of his complaint in accordance with the requirements of Federal Rule of Civil Procedure 4. Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Bergon filed the Complaint on June 20, 2024 with an IFP application. (ECF Nos. 1–2.) Because Bergon paid the filing fee on July 17, 2024 (ECF No. 12), and because his proposed summonses were not issued due to Bergon's failure to complete them correctly (*see* ECF No. 21), the Court found good cause to extend the 90-day deadline for service through November 8, 2024. The October Order made

> **clear, if service is not made upon the defendants by November 8, 2024, or if Bergon fails to show good cause why such service has not been effected, the Complaint will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.** Bergon must provide a copy of this Order to the defendants along with the summonses and Complaint and shall file proof of service with the Court by November 8, 2024.

(October Order at 16–17.) The Court

> once again encouraged [Bergon] to consult with the Hofstra Law Pro Se Clinic located in the Central Islip Courthouse, which can provide free information, advice, and limited scope legal assistance to non-incarcerated pro se litigants. The

28

Court notes that the Pro Se Clinic is not part of, nor affiliated with, the United
States District Court. Consultations with the Pro Se Clinic may be scheduled by
emailing them at PSLAP@Hofstra.edu or by leaving them a message at (631) 297-
2575.

(*Id.* at 17.) To date, Bergon has not filed proof of service with the Court. Nor has he even

attempted to serve the Defendants, as shown by his November 15, 2024 letter in which he asks

the Court to "PLEASE SEND OUT 12 SUMMONS THAT I FILLED OUT. I WANT PROOF.

YOU WERE SUPPOSED TO SEND THEM OUT." (Bergon Ltr., ECF No. 52.)[10] Nor have any

of Bergon's nine letters to the Court demonstrated good cause for failure to do so. In light of

Bergon's failure to timely serve the Defendants after being on notice of the consequence of such

non-compliance, dismissal for this reason too is warranted.[11] *See, e.g., Evans v. United States

Dep't of Educ.*, No. 21-1521-CV, 2022 WL 1073802, at *2 (2d Cir. Apr. 11, 2022). Because

"[d]istrict courts have discretion to grant extensions [under Rule 4(m)] even in the absence of

good cause," *Buon v. Spindler*, 65 F.4th 64, 75 (2d Cir. 2023), the Court has considered granting

Bergon a further extension. However, given Bergon's failure to pay the sanction as set forth

above, the Court declines to do so.

### C.  All Writs Act Warning

Given Bergon's filing of the present Complaint and *Bergon I*, the Court now warns

Bergon that should he continue to file lawsuits against these Defendants pertaining to claimed

royalty payments allegedly due to him, he may be subject to a filing injunction. The All Writs

---

[10] Curiously, Bergon references twelve summons although he has named just eight Defendants in
the Complaint.

[11] Although dismissal pursuant to Rule 4(m) of the Federal Rules of Civil Procedure is generally
without prejudice, the Court need not address this issue given that it has dismissed the Complaint
with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (*See supra* at 26.)

Act, 28 U.S.C. § 1651, empowers this Court to issue an injunction limiting vexatious litigation. *Matter of Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982) ("The equity power of a court to give injunctive relief against vexatious litigation is an ancient one which has been codified in the All Writs Statute, 28 U.S.C. s 1651(a) (1976)."); *see also In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984) (a district court has "the power and the obligation to protect the public and the efficient administration of justice from [a vexatious litigant's] litigious propensities"). "[T]he traditional standards for injunctive relief, *i.e.* irreparable injury and inadequate remedy at law, do not apply to the issuance of an injunction against a vexatious litigant." *In re Martin-Trigona*, 737 F.2d at 1262. Rather, the Second Circuit has identified five factors to be considered in restricting a litigant's access to the court system:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 714 (2d Cir. 2019).

Bergon's cases demonstrate the beginning of a pattern of duplicative filings. In light of his pro se status and the fact that Bergon has filed just two similar complaints, at this time, the Court will not order Bergon to show cause why a litigation injunction should not be entered. Should he continue in this course of conduct, however, the Court may, after notice and an opportunity to be heard, bar Bergon from filing any further complaint against these Defendants about the subjects set forth in the Complaint in this action and the dismissed complaint in *Bergon I*.

30

**CONCLUSION**

For the reasons set forth above, the Complaint is dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. ASCAP's Motion to Dismiss (ECF No. 55) is dismissed as moot, and the November 7, 2024 Electronic Order setting a briefing schedule is vacated. The Clerk of the Court shall enter judgment accordingly and close this case.

The Clerk of the Court shall mail a copy of this Order to Bergon at his address of record and note such mailing on the docket. Although Bergon paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that, should he seek leave to appeal *in forma pauperis*, any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
**December 2, 2024**

_____/s/ Nusrat J. Choudhury_____
NUSRAT J. CHOUDHURY
United States District Judge